Kevin J. Harrington (KH-5027)
John T.A. Rosenthal (JR-4819)
HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800 Telephone
(914) 686-4824 Facsimile

*Attorneys for Plaintiff*
*MADISON ABSTRACT, INC.*

**08 CIV. 2171**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADISON ABSTRACT, INC., a New York corporation, | ) |
| Plaintiff, | ) Case No. **BRIEANT** |
| -against- | ) **COMPLAINT** |
| MADISON ABSTRACT TITLE CORP., a New York corporation, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, MADISON ABSTRACT, INC. ("Madison Abstract"), by and through its attorneys, Harrington, Ocko & Monk LLP as and for, in its Complaint for damages and declaratory relief against Defendant, MADISON ABSTRACT TITLE CORP. ("MATC"), states and alleges as follows:

## THE PARTIES

1.      Madison Abstract is a New York corporation with its principal place of business at 670 White Plains Road, Scarsdale, New York 10583. Madison Abstract is in the business of providing title services and title insurance services to consumers throughout the New York metropolitan area.



2.      Upon information and belief, MATC is a New York corporation with its principal place of business at 201 Mooreland Road, Hauppauge, New York 11788. Upon information and belief, MATC is also in the business of providing title services and title insurance services to consumers in New York.

## JURISDICTION AND VENUE

3.      This action arises under the trademark laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as this action is one arising under the Constitutional Laws of the United States and arises under the acts of Congress relating to trademarks and trade dress. This Court further has jurisdiction pursuant to 28 U.S.C. §§2201, 2202, and CPLR §302 as upon information and belief Defendant MATC is a New York corporation that has transacted business within the State of New York, and there is presently an actual controversy between Plaintiff Madison Abstract and Defendant MATC regarding the rights to the service mark and service dress for the service mark, "Madison Abstract".

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b),(c) because a substantial part of the events giving rise to the claim occurred in this judicial district, the intellectual property at issue is situated in this judicial district, and upon information and belief, Defendant MATC has sufficient contacts with this judicial district to support the exercise of personal jurisdiction herein.

## FACTUAL ALLEGATIONS

5.      Plaintiff Madison Abstract is a New York corporation, and is in the business of real estate title services and title insurance services, among other real estate services. Madison Abstract utilizes the service mark, "Madison Abstract" to promote and market its title and title

insurance business.    Over the past 2-3 years, Plaintiff has generated gross revenues of approximately $3-4 million annually.

6.    Madison Abstract owns the registered service mark, "Madison Abstract", Registration No. 2899680.  Plaintiff Madison Abstract filed for registration of its service mark, "Madison Abstract", with the United States Patent and Trademark Office ("USPTO") on July 1, 2003.  The USPTO issued Madison Abstract a registration for its services mark, "Madison Abstract", on November 2, 2004.  This Federal trademark references a date of first use in commerce of this service mark in May 1984.  The rights to the service mark are situated with Plaintiff at its principal place of business in Scarsdale, New York.

7.    Over the past 4-5 years, Plaintiff has expended approximately $50,000 to $80,000 annually on advertising and marketing its title services and title insurance services to consumers in New York and nationwide using the service mark "Madison Abstract".

8.    By virtue of Plaintiff's substantial use, marketing, promotion, and sale of its title and title insurance services, utilizing the "Madison Abstract" service mark, the "Madison Abstract" service mark has acquired great value as an identifier of the source of Madison Abstract's services and products, and distinguishes those services and products from other title real estate companies.  The "Madison Abstract" service mark and associated service dress are extremely valuable to Plaintiff Madison Abstract as an identifier of its products and services, and represents the substantial customer good will Plaintiff Madison Abstract has earned with consumers over 23 years in the title services and title insurance services market.

9.    Among its marketing and advertising activities, Plaintiff Madison Abstract has been advertising its title services and title insurance services under the service mark "Madison Abstract" on the internet; Plaintiff Madison Abstract's internet website utilizes the web page

www.madisonabstract.com.  Plaintiff Madison Abstract has been promoting its services via the web to consumers nationwide since at least 2000.

10.     In addition to its other promotional activities using the service mark, "Madison Abstract" and associated service dress, Plaintiff Madison Abstract has also published a monthly newsletter known as "Madison Abstractions".  Plaintiff Madison Abstract's monthly newsletter is also available on its website.

11.     Upon information and belief, Defendant MATC is in the title services and title insurance service business.

12.     Upon information and belief, due to Plaintiff Madison Abstract's extensive promotional use of its registered service mark, "Madison Abstract" and associated service dress for two (2) decades, Defendant MATC was aware, knew or should have known of Plaintiff Madison Abstract's prior use and rights in the "Madison Abstract" service mark and associated service dress.  Nevertheless, upon information and belief, Defendant MATC adopted, is using and is now marketing and selling its title services and title insurance services to consumers utilizing the service marks, "Madison Abstract Title Corp." and "Madison Abstract".  Defendant's use of its confusingly similar service mark and service dress infringes Plaintiff Madison Abstract's rights in its service marks and service dress for Plaintiff's registered service mark, "Madison Abstract" for title services and title insurance services.

13.     Upon information and belief, MATC markets, advertises and promotes its business using the internet to consumers across the United States via the website www.myfavoritetitlecompany.com.  Upon information and belief, access to such website is available to consumers in the Southern District of New York.  On MATC's website, it promotes

its title services and title insurance services using the infringing, unregistered service mark 'Madison Abstract".

14.    On or about January 22, 2008, counsel for Madison Abstract informed Defendant MATC in writing that MATC's use of the service marks, "Madison Abstract Title Corp." and "Madison Abstract", infringed on Plaintiff's rights and ownership in the registered service mark, "Madison Abstract" and associated service dress, and to cease and desist using such infringing marks.  The letter requested a response; Defendant has never responded.  Upon information and belief, MATC continues to use its infringing service marks and service dress, despite knowledge that such use infringes on Plaintiff's rights in the registered service mark "Madison Abstract".

15.    Defendant MATC's acts complained of herein have caused injury and damage to Plaintiff Madison Abstract in an amount to be determined at trial.

16.    As a result of Defendant MATC's infringing activities, Plaintiff Madison Abstract has been and continues to be damaged, including lost revenues, blurring of the distinction between the parties' service marks and service dress, unjust enrichment to Defendant MATC, and other injuries and damages to be proven at trial.

### AS AND FOR OUR FIRST CAUSE OF ACTION
### (FOR TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. §1114)

17.    Plaintiff Madison Abstract repeats and re-alleges the allegations set forth in paragraphs 1 through 16 above, as if fully set forth herein.

18.    Plaintiff Madison Abstract has a registered service mark for the mark, "Madison Abstract", in International Class 036, and United States Class 100, 101, and 102, Registration No. 2899680.

19.    Plaintiff's service mark for the mark, "Madison Abstract", is based on a date of first use in commerce of May 12, 1984.

20.     Plaintiff Madison Abstract has utilized its service mark, "Madison Abstract", and associated service dress, to advertise, market and sell its title services and title insurance services to consumers throughout New York, New Jersey, as well as customers nationwide through the internet and other means.

21.     Plaintiff Madison Abstract has expended significant resources and time promoting its title services and title insurance service through use of its registered service mark, "Madison Abstract", and associated service dress.

22.     Upon information and belief, Defendant MATC is using the service marks, "Madison Abstract Title Corp." and "Madison Abstract", to market, distribute and sell Defendant's title services and title insurance services throughout the United States, including the Southern District of New York.

23.     Upon information and belief, Defendant MATC has used and continues to use the service marks, "Madison Abstract Title Corp." and "Madison Abstract" in commerce as of no later than April 2005.

24.     Upon information and belief, Defendant MATC has utilized the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract" to advertise its services on the internet.

25.     Plaintiff Madison Abstract has not consented to Defendant MATC's use of Plaintiff's registered service mark, "Madison Abstract", and associated service dress, or Defendant MATC's use of the confusingly similar imitation of such service marks, "Madison Abstract Title Corp." and "Madison Abstract", or associated service dress.

26.     Upon information and belief, Defendant MATC's use of the service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, for its title

services and title insurance services is likely to cause confusion among consumers with regard to the source of origin of MATC's services, or the association or sponsorship of Defendant's services with Plaintiff Madison Abstract's services, because Defendant's service marks are confusingly similar to Plaintiff's registered service mark, "Madison Abstract", and associated service dress.

27.    Upon information and belief, the services offered by Plaintiff Madison Abstract and Defendant MATC compete in the same markets and market niches; namely, title services, title insurance services, and products associated with title services.

28.    Upon information and belief, Defendant MATC's choice of the service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress for its title services and title insurance services was done in bad faith and was willful as, upon information and belief, Defendant knew or should have known of Plaintiff's prior use and ownership of Plaintiff's registered service mark, "Madison Abstract", and associated service dress, for Plaintiff's title services and title insurance services.

29.    Upon information and belief, Defendant MATC has created a false designation of origin by marketing, without permission of Plaintiff Madison Abstract, title services and title insurance services utilizing the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, with the intent to compete with Plaintiff Madison Abstract, to trade upon Plaintiff Madison Abstract's reputation and good will in the title services industry, and by causing confusion and mistake among customers and consumers and the public at large, and deceiving them into believing that Defendant MATC's title services and title insurance services are associated with, sponsored by or approved by Plaintiff Madison Abstract, when in reality they are not.

30.    Upon information and belief, as a result of Defendant MATC's infringing use of the unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, Plaintiff has suffered and will continue to suffer damages, including blurring of the distinction between Plaintiff's famous service mark, "Madison Abstract", and associated service dress, and Defendant's junior, infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", as well as lost revenues, and unjust enrichment of Defendant.

31.    Upon information and belief, as a result of Defendant's willful and knowing use of its infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and infringing service dress, Plaintiff is entitled to injunctive relief and damages, including, but not limited to, Defendant's profits from sale, marketing and distribution of its title services and title insurance services using such infringing service mark, as well as entitling Plaintiff to its attorneys' fees and costs in bringing this action pursuant to 15 U.S.C. §§1114 and 1117.

### AS AND FOR A SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION PURSUANT TO 15 U.S.C. §1125)

32.    Plaintiff Madison Abstract repeats and re-alleges the allegations set forth in paragraphs 1 through 31 above, as if fully set forth herein.

33.    Plaintiff Madison Abstract has a registered service mark for the mark, "Madison Abstract", in International Class 036 United States Class 100, 101 and 102 for real estate title insurance services, Registration No. 2899680.  Plaintiff's date of first use in commerce for its services mark, "Madison Abstract", is May 12, 1984, and such date of first use is the basis for its service mark registration with the USPTO.  Plaintiff also has obtained rights to the service dress associated with its registered service mark, "Madison Abstract".

34.    Upon information and belief, Defendant MATC is using the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service

dress, to market, distribute, and sell its title service and title insurance services throughout the United States, including the Southern District of New York.

35.    Upon information and belief, Defendant MATC has used, and continues to use the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and infringing service dress, in commerce.   Defendant does so without prior approval of Plaintiff.

36.    Upon information and belief, Defendant MATC's use of its junior, unregistered infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress for its title services and title insurance services is likely to cause confusion among consumers with regard to the source of such services, or the association and/or sponsorship of Defendant MATC by Plaintiff in that Defendant's junior, unregistered infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, are confusingly similar to Plaintiff's registered service mark, "Madison Abstract", and service dress, for its title services and title insurance services.

37.    Upon information and belief, there is a likelihood of confusion between the Plaintiff's registered service mark, "Madison Abstract", and associated service dress and Defendant's unregistered service marks "Madison Abstract Title Corp." and "Madison Abstract", and their associated service dress, in that Plaintiff's has a strong service mark and service dress as a result of significant advertising and marketing expenditures made by Plaintiff's using its registered service mark, "Madison Abstract", and associated service dress with respect to its marketing, sale and distribution of its title services and title insurance services through the internet and other means.

38.    Upon information and belief, the services sold by Plaintiff using its registered mark, "Madison Abstract", and associated service dress, and the services of Defendant using its

9

unregistered, infringing junior marks, "Madison Abstract Title Corp." and "Madison Abstract", compete in the same markets and market niches; namely, title services and title insurance services.

39.    Upon information and belief, Defendant MATC's choice of its service marks, "Madison Abstract Title Corp." and "Madison Abstract", for its title services and title insurance services was done in bad faith and was willful as, upon information and belief, Defendant MATC knew or should have known of Plaintiff's senior, registered service mark, "Madison Abstract", and associated service dress, prior to Defendant's choice of its confusingly similar, infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract".

40.    Upon information and belief, as a result of Defendant's use of the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", Plaintiff Madison Abstract has suffered and will continue to suffer damages, including the blurring of distinction between Plaintiff's famous service mark, "Madison Abstract", and associated service dress, and Defendant's junior, infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", in addition to lost revenues, and unjust enrichment of Defendant.

41.    Upon information and belief, as a result of Defendant's willful use of its junior, infringing, service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, Plaintiff is entitled to injunctive relief and damages, including but not limited to, immediate preclusion of Defendant's use of  the infringing service mark, "Madison Abstract Title Corp.", withdrawal and destruction of any advertising or promotional literature, or internet advertising or other advertising done by Defendant using the infringing mark, "Madison Abstract Title Corp.", as well as Defendant's profits from sale and distribution of its services using the

infringing mark, "Madison Abstract Title Corp.", and any unjust enrichment resulting to Defendant.

42.    Plaintiff is also entitled to its attorneys' fees and costs in pursuing this action under 15 U.S.C. §§1117 and 1125.

## AS AND FOR A THIRD CAUSE OF ACTION
## (TRADEMARK DILUTION PURSUANT TO
## NEW YORK GENERAL BUSINESS LAW §360-l)

43.    Plaintiff Madison Abstract repeats and re-alleges the allegations set forth in paragraphs 1 through 42 above as if fully set forth.

44.    Plaintiff Madison Abstract has a registered service mark for the mark, "Madison Abstract", in International Class 036, and United States Class 100,101,102 Registration No. 2899680, with a date of first use in commerce of May 12, 1984.

45.    Upon information and belief, Defendant MATC is using the service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, to market, distribute and sell its title services and title insurance services throughout the United States, including the Southern District of New York.

46.    Upon information and belief, Defendant MATC has used and continues to use the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, in commerce.   Defendant has used such infringing service marks and service dress, without prior approval of Plaintiff.

47.    Plaintiff Madison Abstract has not consented to Defendant's use of Plaintiff's registered trademark, "Madison Abstract", its associated service dress, or any similar mark.

48.    Upon information and belief, Defendant's unregistered, service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, are confusingly

11

similar imitations of Plaintiff's registered service mark, "Madison Abstract", and associated service dress.

49.    Upon information and belief, Defendant MATC's use of its infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, for its title service and title insurance services is likely to cause confusion with regard to the source of Defendant's services, or the association or sponsorship of Defendant by Plaintiff Madison Abstract, in that Defendant's infringing, unregistered, junior marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress are confusingly similar to Plaintiff's registered service mark, "Madison Abstract", and service dress, for title service and title insurance services.

50.    Upon information and belief, there is a likelihood of confusion between Plaintiff's registered service mark, "Madison Abstract", and associated service dress, and Defendant's unregistered, junior, infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, in that Plaintiff's service mark, "Madison Abstract", is a strong mark as a result of significant resources expended by Plaintiff advertising and marketing Plaintiff's title services through use of its "Madison Abstract" service mark, and service dress, including advertising and marketing such services on the internet.  Plaintiff's internet website is located at www.madisonabstract.com, and is accessible to customers throughout the Southern District of New York, and the United States via the worldwide web.

51.    Upon information and belief, the title services and title insurance services of Plaintiff Madison Abstract and those of Defendant MATC compete in the same markets and market niches; namely, title services and title insurance services.

52.    Upon information and belief, Defendant MATC's choice of its infringing, junior, service marks, "Madison Abstract Title Corp." and "Madison Abstract", and infringing service

dress, for its title services and title insurance services was done in bad faith and was willful, as upon information and belief, Defendant MATC knew of Plaintiff's service mark, "Madison Abstract", and associated service dress, prior to Defendant choosing its junior, unregistered, infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, for its title services and title insurance services.

53.    Upon information and belief, Plaintiff's business reputation and the distinctiveness of its services have been damaged and diluted as a result of the Defendant's use of the confusingly similar junior, infringing, service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, and Defendant's use has resulted in a dilution and blurring of these marks and the services offered by the parties.

54.    Upon information and belief, as a result of Defendant's infringing use of its junior, unregistered, service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, Plaintiff has suffered and will continue to suffer damages, including the blurring of its distinction between Plaintiff's famous registered mark, "Madison Abstract", and Defendant's junior, unregistered, service marks, "Madison Abstract Title Corp." and "Madison Abstract", in addition to lost revenues, and unjust enrichment to Defendant.

55.    Upon information and belief, as a result of Defendant MATC's willful and knowing use of its junior, unregistered, infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, Plaintiff is entitled to injunctive relief precluding Defendant from further using the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, and requiring Defendant to destroy advertising and promotional materials using the infringing names, and remove from the internet any infringing

use of its junior, unregistered marks, "Madison Abstract Title Corp." and "Madison Abstract",

and service dress, and to preclude Defendant from further use of such marks and service dress.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER NEW YORK LAW)

56.     Plaintiff Madison Abstract repeats and re-alleges the allegations set forth in
paragraphs 1 through 55 above as if fully set forth herein.

57.     Plaintiff Madison Abstract has a registered trademark for the service mark,
"Madison Abstract", International Class 036 and United States Class 100, 101, 102 for title
insurance services Registration No. 2899680.  Plaintiff's date of first use in commerce of its
service mark for purposes of trademark registration is May 12, 1984.

58.     Upon information and belief, Defendant MATC is using the junior, infringing,
unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", and
associated service dress, to market, distribute and sell its title services and title insurance services
throughout the United States including the Southern District of New York.

59.     Upon information and belief, Defendant MATC has used and continues to use in
commerce the junior, infringing, unregistered service marks, "Madison Abstract Title Corp." and
"Madison Abstract", and associated service dress.

60.     Plaintiff Madison Abstract has not consented to Defendant MATC's use of
Plaintiff's registered service mark, "Madison Abstract" and associated service dress, or any
confusingly similar service mark or service dress.

61.     Upon information and belief, Defendant MATC's use of its junior, unregistered,
infringing, service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service
dress, for title services and title insurance services is likely to cause confusion with regard to the

source of those services or the association or sponsorship of Defendant MATC by Plaintiff Madison Abstract, in that Defendant's junior, unregistered, infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, are confusingly similar to Plaintiff's registered service mark, "Madison Abstract", and associated service dress, for title services and title insurance services.

62.    Upon information and belief, there is a likelihood of confusion between Plaintiff's registered services mark, "Madison Abstract", and associated service dress, and Defendant's junior, infringing, unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress, in that the service mark, "Madison Abstract", is a strong mark as a result of significant advertising and marketing expenditures made by Plaintiff with respect to marketing sale and distribution of title services and title insurance services using Plaintiff's registered service mark, "Madison Abstract". Such advertising and marketing by Plaintiff includes marketing its title services and title insurance services on the worldwide web at the website www.madisonabstract.com. Plaintiff Madison Abstract has also advertised and marketed its services through the publication of a monthly journal known as "Madison Abstractions" as of no later than December 2005.

63.    Upon information and belief, the services of Plaintiff Madison Abstract and Defendant MATC compete in the same markets and market niches; namely, title services and title insurance services.

64.    Upon information and belief, Defendant MATC's choice of the service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress for its title service and title insurance services was done in bad faith and was willful, in that, upon information and belief, Defendant knew of Plaintiff's prior registered service mark, "Madison

Abstract", and associated service dress, before Defendant chose its junior, unregistered, infringing, service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, for use in marketing its services.

65.    Upon information and belief, as a result of Defendant's use of its junior, infringing, unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, Plaintiff Madison Abstract has suffered and will continue to suffer damages, including the blurring of distinction between Plaintiff's famous registered mark, "Madison Abstract", and Defendant's junior, unregistered, infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", and lost revenues by Plaintiff as a result of Defendant's use of its infringing marks and service dress and unjust enrichment to Defendant.

66.    Upon information and belief, as a result of Defendant MATC's willful and knowing use of its junior, unregistered, infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, Plaintiff is entitled to injunctive relief and damages, including but not limited to, the preclusion of Defendant from using the infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", and service dress. Defendant's profits from the sale and distribution of its services under the infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, as well as Plaintiff's attorneys' fees and costs in bringing this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(DECLARATORY RELIEF)**

67.    Plaintiff Madison Abstract repeats and re-alleges the allegations set forth in paragraphs 1 through 66 above as if fully set forth herein.

16

68.    Plaintiff is the owner of the registered service mark, "Madison Abstract", Registration No. 2899680, and associated service dress.  Registration for this service mark was issued by the USPTO on November 2, 2004.

69.    Upon information and belief, Defendant is using the infringing service mark, "Madison Abstract Title Corp." and associated infringing service dress.

70.    Plaintiff and Defendant utilize their respective marks to advertise, market and promote their title services and title insurance services to consumers.

71.    On January 22, 2008, Plaintiff, through counsel, informed Defendant that Defendant's use of the service mark, "Madison Abstract Title Corp.", infringed upon Plaintiff's rights and ownership to the registered service mark, "Madison Abstract", Registration No. 2899680.  Defendant never responded.

72.    Upon information and belief, Defendant continues to market, advertise and promote its title services and title insurance services using the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract".

73.    An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to the rights, ownership, and use of Plaintiff's registered service mark, "Madison Abstract", and Defendant's use of the confusingly similar marks, "Madison Abstract Title Corp." and "Madison Abstract".

74.    A judicial determination pursuant to 28 U.S.C. §§2201(a) and 2202, is necessary and appropriate at this time in order that Plaintiff may ascertain its rights, title, interest, ownership and duties with respect to its registered service mark, "Madison Abstract", and associated service press, and those of Defendant regarding its marks "Madison Abstract Title Corp." and "Madison Abstract".

75.    Plaintiff is entitled to a judicial determination pursuant to 28 U.S.C. §§2201(a) and 2202 that Defendant's service marks, "Madison Abstract Title Corp." and "Madison Abstract", infringe upon Plaintiff's rights, title, and ownership of the registered service mark, "Madison Abstract".

## JURY TRIAL DEMANDED

76.    Plaintiff Madison Abstract hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Madison Abstract prays for relief from the Court as follows:

A.    On its first cause of action against Defendant MATC for money damages in an amount to be determined at trial, as well as injunctive relief precluding Defendant MATC from using the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", in conjunction with title services or title insurance services, plus Plaintiff's attorneys fees and costs for this action;

B.    On its second cause of action against Defendant MATC for money damages in an amount to be determined at trial as well as injunctive relief precluding Defendant MATC from using the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", in conjunction with title services or title insurance services, plus Plaintiff's attorneys fees and costs for this action;

C.    On its third cause of action against Defendant MATC for money damages in an amount to be determined at trial, as well as injunctive relief precluding Defendant MATC from using the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", in conjunction with title services or title insurance services, plus Plaintiff's attorneys fees and costs for this action;

D.    On its fourth cause of action against Defendant MATC for money damages in an amount to be determined at trial, as well as injunctive relief precluding Defendant MATC from using the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", in conjunction with title services or title insurance services, plus Plaintiff's attorneys fees and costs for this action;

E.    On its fifth cause of action, a declaration by this Court that Defendant's service marks, "Madison Abstract Title Corp." and "Madison Abstract", infringe on Plaintiff's registered service mark, "Madison Abstract", Registration No. 2899680, and that this action is exceptional, and Plaintiff be awarded its attorneys fees and costs pursuant to 15 U.S.C. §1117(a); and

F.    Finally, such other and further relief as the Court may deem just and proper.

Dated: March 4, 2008
       White Plains, NY

Respectfully, submitted:

By: _____
Kevin J. Harrington, Esq. (KH-5027)
John T. A. Rosenthal, Esq. (JR-4819)
HARRINGTON, OCKO & MONK LLP
*Attorneys for Plaintiff*
*Madison Abstract, Inc.*
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800

TO:    MADISON ABSTRACT TITLE CORP.
       201 Mooreland Road
       Hauppauge, NY 11788

19