UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADISON ABSTRACT, INC., a New York )
corporation, )
 )
 )    Case No. _____
                              Plaintiff, )
 )
  -against- )
 )
MADISON ABSTRACT TITLE CORP., a New York )
corporation, )
 )
 )
                              Defendant. )

RECEIVED
MAR – 4 2008
USDC-WP-SDNY

08 CIV. 2171 (CLB)

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE

---

Kevin J. Harrington (KH-5027)
John T.A. Rosenthal (JR-4819)
HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800 Telephone
(914) 686-4824 Facsimile

*Attorneys for Plaintiff*
*MADISON ABSTRACT, INC.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

I.    PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION ............................. 4

    A.    Plaintiff Will Likely Prevail On Its Trademark Infringement Claims Against
        Defendant. ........................................................................................................... 5

        1.    Plaintiff's Registered Trademark "Madison Abstract" is Entitled
             to protection Under the Lanham Act ...................................................... 6

    B.    Defendant's Use of the Infringing Junior Marks, "Madison Abstract Title Corp."
        and "Madison Abstract", for its Title Insurance Services is Likely to Cause
        Consumers Confusion with Regard to Plaintiff's Registered Service Mark
        "Madison Abstract". ........................................................................................... 6

        1.    Plaintiff's Registered Service Mark "Madison Abstract" is an
             Inherently Distinctive and Strong Mark. ................................................ 8

        2.    Defendant's Infringing Service Marks, "Madison Abstract Title
             Corp." and "Madison Abstract", are in One Case Identical and
             in Another Case Almost Identical to Plaintiff's Service Mark
             "Madison Abstract" .............................................................................. 9

        3.    The Competitive Proximity of the Marks at Issue is Identical. .................. 9

        4.    There is No "Gap" to Bridge. ................................................................. 10

        5.    Defendant Adopted its Infringing Service Marks in Bad Faith. ............... 10

II.   THE BALANCE OF HARDSHIP FAVORS A PRELIMINARY INJUNCTION .......... 12

III.  PLAINTIFF REQUESTS IMMEDIATE DISCOVERY REGARDING DEFENDANT'S
      SERVICE MARKS, "MADISON ABSTRACT TITLE CORP." AND "MADISON
      ABSTRACT" ................................................................................................... 12

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Big Star Entertainment v. Next Big Star, Inc.*, 105 F.Supp.2d 185 (S.D.N.Y. 2000) ..................... 4

*Brennan's, Inc. v. Brennan's Restaurant*, 360 F.3d 125 (2nd Cir. 2004) ................................. 5, 9

*Home Box Office, Inc. v. Showtime/The Movie Channel, Inc.*, 832 F.2d 1311
(2nd Cir. 1987) ........................................................................................... 12

*International Star Class Yacht v. Hillfiger*, 80 F.3d 749 (2nd Cir. 1996) .......................... 10, 11

*Jordach v. Levi Strauss & Co.*, 841 F.Supp. 506 (S.D.N.Y. 1993) ..................................... 7

*LMG Fidelity, Inc. v. Sirius Technology, Inc.*, 2006 WL 3359313
(N.D.N.Y. Nov. 16, 2006) ............................................................................. 13

*Lois Footwear v. Levi Strauss*, 799 F.2d 867 (2nd Cir. 1986) ..................................... 6, 7

*Mallatier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532 (2nd Cir. 2005) ............... 4

*Master Foods USA v. Arcor USA, Inc.*, 230 F.Supp.2d 302 (S.D.N.Y. 2002) ..................... 12

*Met Life, Inc. v. Metropolitan National Bank*, 388 F.Supp.2d 233 (S.D.N.Y. 2005) ....... 5, 6, 9, 11

*OPH, Inc. v. Spotlight Mag, Inc.*, 86 F.Supp.2d 176 (W.D.N.Y. 2000) ........................... 6

*Polaroid Corp. v. Polaroid Electronics Corp.*, 287 F.2d 492 (2nd Cir. 1961) .......... 7, 9, 10, 12, 13

*Sports Authority, Inc. v. Prime Hospitality Corp.*, 89 F.3d 955 (2nd Cir. 1996) ................. 5

*Streetwise Maps, Inc. v. Van Damme, Inc.*, 159 F.3d 739 (2nd Cir. 1998) ..................... 8

*Syntex Lab, Inc. v. Norwich Pharmaceutical Co.*, 437 F.2d 566 (2nd Cir. 1971) .............. 7

*The Morningside Group Ltd. v. Morningside Capital Group*, 182 F.3d 133
(2nd Cir. 1999) ........................................................................................... 10

*Tops Co. v. Gerrit J. Verburg Co.*, 1996 WL 719381 (S.D.N.Y. Dec. 13, 1996) ................ 5

*Virgin Enterprise Ltd. v. Nawab*, 335 F.3d 141 (2nd Cir. 2003) ............................... 4-6

**Page**

**Statutes**

15 U.S.C. §1057(b)................................................................................................... 6

15 U.S.C. §1114........................................................................................................ 5, 6

15 U.S.C. §1115........................................................................................................ 5

15 U.S.C. §1125(a) ................................................................................................... 5-7

**Rules**

Fed.R.Civ.P. 65......................................................................................................... 2

iii

Plaintiff, MADISON ABSTRACT, INC. ("Plaintiff" or "Madison Abstract"), by and through its counsel, Harrington, Ocko & Monk, LLP, as and for its Memorandum of Law in Support of its Order to Show Cause for a Preliminary Injunction against Defendant, MADISON ABSTRACT TITLE CORP. ("Defendant" or "MATC") precluding Defendant from using in any manner the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", for Defendant's title services or title insurance services, states as follows:

## PRELIMINARY STATEMENT

Plaintiff Madison Abstract moves this Court by Order to Show Cause for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, to preclude Defendant MATC from using the infringing, unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", to promote, market, advertise or otherwise utilize Defendant's infringing service marks and service dress with regard to Defendant's title services or title insurance services business.

Plaintiff owns all rights and title to the registered service mark "Madison Abstract", Registration No. 2899680 issued by the United States Patent & Trademark Office ("USPTO"), November 2, 2004, for International Class 036 and United States Class 100, 101, 102, for real estate title insurance services with a date of first use in commerce of May 12, 1984. It has recently come to Plaintiff's attention that Defendant is utilizing the infringing, unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated service dress, with regard to the marketing, advertising and promotion of Defendant's title services and title insurance services. Defendant is using its infringing, unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", despite being informed by Plaintiff of the

infringing nature of Defendant's service marks with regard to Plaintiff's registered service mark "Madison Abstract".

Plaintiff is entitled to a preliminary injunction as it has established a likelihood of irreparable injury in the absence of such injunction as the result of Defendant's use of the infringing, unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", in violation of Plaintiff's rights, title, interest and ownership in the registered service mark "Madison Abstract" for real estate title services and title insurance services. Plaintiff has also demonstrated a likelihood of success on the merits as its use in commerce and ownership of the service mark "Madison Abstract" for title services and title insurance services predates Defendant's infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", by more than two (2) decades. The similarity of Defendant's infringing, unregistered service marks are likely to cause consumers confusion with regard to Plaintiff's registered service mark "Madison Abstract". For these reasons, and those described more fully below, Plaintiff is entitled to a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

## FACTUAL BACKGROUND

This litigation arises from Defendant's knowing and willful use of the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", in conjunction with the promotion, advertising, marketing and sale of Defendant's title services and title insurance services in the Southern District of New York, and throughout the country via the internet. Declaration of John T.A. Rosenthal ("Rosenthal Dec."), at ¶¶2-7.

Plaintiff Madison Abstract is a New York corporation with its principal place of business in Scarsdale, New York. Plaintiff has been in the title services and title insurance services business since at least 1984. As of May 12, 1984, Plaintiff has been using the service mark

"Madison Abstract" in commerce to promote, advertise and market its title services and title insurance services to consumers and customers through the State of New York. Rosenthal Dec., at ¶4.

On July 1, 2003, Plaintiff filed an application with the USPTO to register the service mark "Madison Abstract" in International Class 036 and U.S. Classes 100, 101 and 102 for real estate title insurance services with a date of first use in commerce of May 12, 1984. *Id.*, at ¶4. On November 2, 2004, the USPTO issued Plaintiff a service mark registration, Registration No. 2899680, for the service mark "Madison Abstract" in the classes requested. Rosenthal Dec., at ¶4.

Madison Abstract has also advertised its services via the internet utilizing the website www.madisonabstract.com. Rosenthal Dec., at ¶2. Madison Abstract also issues a monthly Newsletter entitled, "Madison Abstractions", which is available via its website. Rosenthal Dec., at ¶¶5-7.

In or about January 2008, it came to Plaintiff's attention that Defendant MATC was using the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", in conjunction with the promotion, marketing and sale of title services and title insurance services to consumers in the State of New York, as well as nationwide. Rosenthal Dec., at ¶8. Upon information and belief, Defendant also uses the worldwide web to advertise its title services and title insurance services under the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract". Rosenthal Dec., at ¶¶8-10.

On January 22, 2008, counsel for Plaintiff sent Defendant a cease and desist letter informing Defendant that Plaintiff had a registered service mark "Madison Abstract", and that Defendant's use of the service mark "Madison Abstract Title Corp." infringed upon Plaintiff's

service mark and business identity.  Rosenthal Dec., at ¶11.  This cease and desist letter requested that Defendant immediately stop using the infringing mark "Madison Abstract Title Corp." "in any variation in connection with real estate title insurance services" and that Defendant inform counsel for Plaintiff that Defendant had taken appropriate action by no later than January 31, 2008.  Rosenthal Dec., at ¶11.

To date, Defendant has failed to advise Plaintiff or Plaintiff's counsel that Defendant has undertaken appropriate measures and stopped using Defendant's infringing service mark "Madison Abstract Title Corp." in conjunction with its promotion, advertising and sale of Defendant's real estate title insurance services.  Rosenthal Dec., at ¶11.  Upon information and belief, Defendant continues to use the infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract".

## ARGUMENT

### I.    PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION

To obtain a preliminary injunction, a plaintiff must establish the following: (1) the likelihood of irreparable injury in the absence of such injunction; and (2) (a) either a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in the movant's favor. *Virgin Enterprise Ltd. v. Nawab*, 335 F.3d 141, 145 (2nd Cir. 2003); *Mallatier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2nd Cir. 2005).  To show a likelihood of success on the merits, a party moving for a preliminary injunction need not show that success is certain, only that the probability of prevailing is better than 50%. *Big Star Entertainment v. Next Big Star, Inc.*, 105 F.Supp.2d 185, 191 (S.D.N.Y. 2000).

In cases of trademark infringement, proof of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm. *Brennan's, Inc. v. Brennan's Restaurant*, 360 F.3d 125, 129 (2nd Cir. 2004); *Met Life, Inc. v. Metropolitan National Bank*, 388 F.Supp.2d 233, 239 (S.D.N.Y. 2005); *Sports Authority, Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2nd Cir. 1996). It is well settled within this Circuit that in trademark infringement actions, a finding of likelihood of confusion between a valid registered mark and a junior mark provides sufficient grounds for the issuance of a preliminary injunction, without evidence of actual injury. *Tops Co. v. Gerrit J. Verburg Co.*, 1996 WL 719381, at *3 (S.D.N.Y. Dec. 13, 1996). Registration of a mark is *prima facie* evidence of the mark's validity. 15 U.S.C. §1115(a).

### A.    Plaintiff Will Likely Prevail On Its Trademark Infringement Claims Against Defendant.

The Lanham Act prohibits the use in commerce, without consent, of any registered mark in connection with the sale, offering for sale, distribution or advertising of any goods or services in a way that is likely to cause confusion. 15 U.S.C. §1114(a). Federal trademark law provides a right of action against any person who in connection with any goods for services uses in commerce any word, term, name, symbol, or device or any combination thereof which is likely to cause confusion or to cause mistake or to deceive as to the origin, sponsorship or approval of his or her goods by another person. 15 U.S.C. §1125(a).

In a services mark infringement context, whether brought under §1114 or §1125, the claim for protection is analyzed under a two-prong test. *Virgin*, 335 F.3d at 146. The test looks first to whether a plaintiff's mark is entitled to protection, and second, whether defendant's use of the mark is likely to cause consumers confusion as to the origin, sponsorship or source of a defendant's goods. *Id.*

5

1.    **Plaintiff's Registered Trademark "Madison Abstract" is Entitled to Protection Under the Lanham Act.**

A Federal trademark registration is *prima facie* evidence of the validity of the mark and the registrant's exclusive right to use the mark. 15 U.S.C. §1057(b); *OPH, Inc. v. Spotlight Mag. Inc.*, 86 F.Supp.2d 176, 187 (W.D.N.Y. 2000). Registered trademarks are presumed to be distinctive and are afforded the utmost protection. *Lois Footwear v. Levi Strauss*, 799 F.2d 867, 871 (2nd Cir. 1986).

Plaintiff has a registered service mark "Madison Abstract" in International Class 036 and United States Class 100, 101 and 102 for real estate title insurance services issued by the USPTO. Rosenthal Dec., at ¶4. Plaintiff has been using the service mark "Madison Abstract" with regard to its title services and title insurance services continuously in commerce for two (2) decades; since at least May 12, 1984. *Id.* Therefore, Plaintiff's service mark "Madison Abstract" is entitled to the utmost protection as a distinctive service mark for title insurance services under the Lanham Act.

B.    **Defendant's Use of the Infringing Junior Marks, "Madison Abstract Title Corp." and "Madison Abstract", for its Title Insurance Services is Likely to Cause Consumers Confusion with Regard to Plaintiff's Registered Service Mark "Madison Abstract".**

Once the validity and protectability of a service mark is established, the test for infringement is whether defendant's use or designation of a service mark creates a likelihood of confusion among consumers. *Virgin*, 335 F.3d at 146. The likelihood of confusion will be found on a showing that numerous, ordinary, prudent purchasers are likely to be misled or confused as to the source of the service or product in question because of the entrance in the marketplace of a defendant's junior mark. *Met Life*, 388 F.Supp.2d at 229. Likelihood of confusion refers to a probability, not a mere possibility of confusion. *Id.*

The Lanham Act protects against various types of confusion. Confusion is actionable in a number of circumstances including, but not limited to, (1) prospective purchasers believe that the senior marks user has sponsored or otherwise approved of the junior marks user's trademark or product; (2) potential consumers are initially attracted to the junior user's mark by virtue of a similarity to the senior user's mark, even though these consumers are not actually confused at the time of the purchase ("initial interest confusion"); and (3) customers are confused as to the source of the junior user's product or service when this product is observed in the post-purchase context. *Jordach v. Levi Strauss & Co.*, 841 F.Supp. 506, 514-15 (S.D.N.Y. 1993); *Syntex Lab, Inc. v. Norwich Pharmaceutical Co.*, 437 F.2d 566, 568 (2nd Cir. 1971).

The Second Circuit utilizes the familiar multi-factor test established in *Polaroid Corp. v. Polaroid Electronics Corp.*, 287 F.2d 492, 495 (2nd Cir. 1961) to analyze likelihood of confusion for service mark or trademark infringement. Under the *Polaroid* test, the court evaluates the likelihood of confusion in service mark infringement cases using eight (8) non-exclusive factors: (1) the strength of plaintiff's service mark; (2) the degree of similarity between the two marks at issue; (3) the proximity of the products in the marketplace; (4) the likelihood the prior registrant will bridge the gap between the products; (5) evidence of actual confusion; (6) defendant's bad faith in adopting its mark; (7) the quality of defendant's products; and (8) the sophistication of the relative consumer group. *Id.* No single factor is prominent, and the ultimate question is always the likelihood of confusion as to the source of the product. *Lois*, 799 F.2d at 872.

In this Order to Show Cause, Plaintiff has and can demonstrate that almost all of the applicable *Polaroid* factors weigh in favor of the likelihood of confusion as between Plaintiff's registered service mark "Madison Abstract" and Defendant's junior infringing unregistered service marks, "Madison Abstract Title Corp." and "Madison Abstract", requires that the Court

7

issue a preliminary injunction on behalf of Plaintiff precluding Defendant from using its infringing service marks.

### 1.    Plaintiff's Registered Service Mark "Madison Abstract" is an Inherently Distinctive and Strong Mark.

The strength of a mark refers to a mark's distinctiveness; its ability to identify goods sold under it as coming from one source. *Streetwise Maps, Inc. v. Van Damme, Inc.*, 159 F.3d 739, 743 (2nd Cir. 1998).

Plaintiff's registered service mark "Madison Abstract" for real estate title insurance services is inherently distinctive as it has obtained registration as a service mark from the USPTO for real estate title services in International Class 036, and United States Class 100, 101 and 102. Rosenthal Dec., at ¶4. Furthermore, Plaintiff has used this mark in commerce for in excess of two (2) decades, spent tens of thousands of dollars advertising its services with the mark, and has been issued registration for its service mark with a date of first use in commerce of May 12, 1984.

In addition, Plaintiff has utilized the mark on the internet using the web page to promote its title services and title insurance services nationwide. Rosenthal Dec., at ¶¶5-7. Plaintiff has also issued a Newsletter using the same service mark under the title, "Madison Abstractions". *Id.*

As a result of its obtaining a registered service mark for the mark "Madison Abstract" for real estate title insurance services from the USPTO, and due to Plaintiff's advertising use of such mark in commerce on the web, and the significant advertising expenditures made using the mark, Plaintiff has a widely recognized and inherently distinct service mark in its "Madison Abstract" service mark, and such mark is entitled to protection.

8

    **2.**    **Defendant's Infringing Service Marks, "Madison Abstract Title Corp." and "Madison Abstract", are in One Case Identical and in Another Case Almost Identical to Plaintiff's Service Mark "Madison Abstract".**

In assessing the similarity of marks, courts look to the overall impression created by services marks and the context in which such service marks are found. *Met Life*, 388 F.Supp.2d at 230.

The service marks, "Madison Abstract Title Corp." and "Madison Abstract", used by Defendant to market, promote and sell its title insurance services, are almost identical to Plaintiff's registered service mark "Madison Abstract", Registration No. 2899680. Rosenthal Dec., at ¶¶8-11. Not only is Plaintiff's registered service mark "Madison Abstract" duplicated or contained within Defendant's junior unregistered infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", the two marks sound very similar when spoken. The high degree of similarity between the marks at issue increases the likelihood of confusion amongst consumers, favoring the issuance of a preliminary injunction on behalf of Plaintiff against Defendant.

Moreover, MATC's service mark "Madison Abstract" is literally an exact and complete copy of Plaintiff's registered service mark, "Madison Abstract". There can simply be no question whatsoever of confusion between the marks themselves, since the two marks are in fact identical.

    **3.**    **The Competitive Proximity of the Marks at Issue is Identical.**

The third *Polaroid* factor, proximity, concerns whether and to what extent the two services or products compete with one another, and how this competition may lead to consumer confusion. *Brennan's*, 360 F.3d at 134; *Met Life*, 388 F.Supp.2d at 232. Competitive proximity considers both market proximity and geographic proximity. *Id.* Defendant MATC markets its

9

title insurance services in the identical market as Plaintiff, both parties market, title and title insurance services towards consumers who purchase or will purchase title services or title insurance services. Rosenthal Dec., at ¶11. Both parties promote, advertise and market their title services and title insurance services in New York State, and nationwide through the worldwide web. Rosenthal Dec., at ¶11.

The close proximity of the marks and the services in question support a finding of likelihood of confusion, and weigh in favor of the issuance of a preliminary injunction on behalf of Plaintiff. *The Morningside Group Ltd. v. Morningside Capital Group*, 182 F.3d 133, 141 (2nd Cir. 1999).

**4.      There is No "Gap" to Bridge.**

As described previously, Plaintiff's service mark "Madison Abstract" and Defendant's infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", occupy exactly the same marketplaces and market niches; namely, title services and title insurance services. Thus, as there is no "gap" to bridge. This *Polaroid* factor favors the issuance of a preliminary injunction in this matter against Defendant.

**5.      Defendant Adopted its Infringing Service Marks in Bad Faith.**

The *Polaroid* factor regarding bad faith considers whether or not a defendant adopted its mark with the intention of capitalizing on plaintiff's reputation and good will, and any confusion between defendant's junior mark and the senior user's mark and service. A defendant's continuing use of a mark after being notified of its potentially infringing nature is evidence that a junior marks owner was not acting in good faith when it adopted the infringing mark. *International Star Class Yacht v. Hillfiger*, 80 F.3d 749, 754 (2nd Cir. 1996). Knowledge by a defendant of a plaintiff's mark before making a decision to use an extremely similar mark on

competing goods or services is an indication of bad faith, and therefore, there is a presumption that the public would be deceived by the junior user's mark. *Met Life*, 388 F.Supp.2d at 234. Failure to perform a trademark search prior to use of the mark is also an indication of a defendant's bad faith. *International Star Class*, 80 F.3d at 753.

In this instance, there is ample evidence of Defendant's bad faith in adopting its infringing service marks, "Madison Avenue Title Corp." and "Madison Abstract", for title insurance services. Plaintiff has used the service mark "Madison Abstract" for title and title insurance services in commerce as early as May 1984. Rosenthal Dec., at ¶4. Plaintiff utilized the service mark "Madison Abstract" for title services in the State of New York, and is a New York corporation registered to do business in the State of New York with the New York Secretary of State. Rosenthal Dec., at ¶5. Plaintiff registered the company name "Madison Abstract, Inc." as of May 1984 with the New York Secretary of State. *Id.* A simple search of the New York Secretary of State's Corporation website, as well as the USPTO's trademark website, would have informed Defendant of Plaintiff's prior use of the service mark "Madison Abstract" for title insurance services. Rosenthal Dec., at ¶5.

Furthermore, as of January 2008, Plaintiff notified Defendant in writing of Defendant's infringing use of the "Madison Abstract Title Corp." for title insurance services. Rosenthal Dec., at ¶4. Notwithstanding such notification, upon information and belief, Defendant has made no response to the cease and desist letters and continues to utilize the infringing, junior marks, "Madison Abstract Title Corp." and "Madison Abstract", for title insurance services. Defendant's intentional adoption of the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", for virtually identical services was done in bad faith and justifies the issuance of a preliminary injunction in this matter.

11

As the majority of the *Polaroid* factors weigh in favor of Plaintiff, this justifies the issuance of a preliminary injunction by the Court in this matter.

## II.    THE BALANCE OF HARDSHIP FAVORS A PRELIMINARY INJUNCTION

Where a plaintiff has shown a high likelihood of confusion, irreparable harm is presumed. *Home Box Office, Inc. v. Showtime/The Movie Channel, Inc.*, 832 F.2d 1311, 1314 (2nd Cir. 1987); *Master Foods USA v. Arcor USA, Inc.*, 230 F.Supp.2d 302, 312 (S.D.N.Y. 2002). Hardship is not imputed to a potentially infringing defendant when the injunctive remedy requested is merely no longer allowing the defendant to use the infringing mark, but allowing the defendant to continue selling the product for service. *Id.*

Through this Order to Show Cause, Plaintiff is merely attempting to protect its strong, inherently distinctive mark "Madison Abstract", as well as sales and revenue derived from Plaintiff's use of that mark. The relief requested does not require that Defendant stop selling, promoting or advertising its title services and title insurance services. Rather, the injunctive relief requested merely precludes Defendant from using the confusingly similar service marks, "Madison Abstract Title Corp." and "Madison Abstract", and associated trade dress, for its title services and title insurance services. Thus, the balance of hardships tips decidedly towards the issuance of a preliminary injunction.

## III.    PLAINTIFF REQUESTS IMMEDIATE DISCOVERY REGARDING DEFENDANT'S SERVICE MARKS, "MADISON ABSTRACT TITLE CORP." AND "MADISON ABSTRACT"

In addition to the issuance of a preliminary injunction, Plaintiff is requesting that it be allowed to immediately conduct discovery with regard to the issue of how and why Defendant chose its infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract".

Courts routinely grant discovery in the context of a preliminary injunction if there is a showing that such discovery is reasonable under the circumstances. *LMG Fidelity, Inc. v. Sirius Technology, Inc.*, 2006 WL 3359313, at *3 (N.D.N.Y. Nov. 16, 2006).

In this instance, limited discovery on the issue of why and how Defendant chose its infringing marks, "Madison Abstract Title Corp." and "Madison Abstract", is justified under the circumstances. Rosenthal Dec., at ¶¶5, 11. Such discovery goes to the heart of whether Defendant adopted its infringing service marks, "Madison Abstract Title Corp." and "Madison Abstract", in bad faith. A finding of bad faith by Defendant in adopting its service marks would require an injunction, and provide strong support to allow Plaintiff to recover attorney's fees and costs in bringing this Order to Show Cause, and the underlying Complaint in this action.

**CONCLUSION**

For the reasons stated above, and based on the accompanying Declaration of John T.A. Rosenthal and the Complaint in this matter, the Court should grant Plaintiff's request for an injunctive relief, and issue a preliminary injunction, and grant the immediate discovery requested by Plaintiff.

Dated: White Plains, New York
      March 4, 2008

Respectfully submitted,

HARRINGTON, OCKO & MONK, LLP

    s/ Kevin J. Harrington
By:_____
    Kevin Harrington, Esq. (KH-5027)
    John T.A. Rosenthal, Esq. (JR-4819)
    HARRINGTON, OCKO & MONK, LLP
    81 Main Street, Suite 215
    White Plains, NY  10601
    Tel: (914) 686-4800
    Fax: (914) 686-4824

13

*Attorneys for Plaintiff*
*MADISON ABSTRACT, INC.*


TO:    MADISON ABSTRACT TITLE CORP.
         201 Moreland Avenue
         Hauppauge, New York 11788